IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JGR, Inc., ) | |
| ) | Case No. 1:96-CV-01780 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | Magistrate Judge Kenneth S. McHargh |
| THOMASVILLE FURNITURE INDUSTRIES, ) | |
| Inc., ) | |
| ) | MEMORANDUM AND ORDER |
| Defendant. ) | |
| ) | |

Before the court are plaintiff JGR, Inc.'s ("JGR") appeal of two orders by Magistrate Judge McHargh granting motions in limine filed by defendant Thomasville Furniture Industries, Inc. ("Thomasville") [Docket Nos. 126, 128]-- Thomasville's motion that damages causation is an issue that remains to be tried [Docket No. 130], and Thomasville's motion for summary judgment [Docket No. 141].

For the following reasons, the court grants JGR's appeal on the first motion in limine, grants in part and denies in part JGR's appeal on the second motion in limine, denies Thomasville's motion for summary judgment, and denies Thomasville's motion regarding damages causation as untimely.

**I.   Background**

In 1996, JGR filed a state court complaint against Thomasville, which removed the action to federal court. Following the court's grant of summary judgment in favor of Thomasville in 1999 and the reversal and remand by the Sixth Circuit, the case came on for a jury trial in February 2002 on JGR's breach of contract claim against Thomasville. On that claim, JGR argued that Thomasville had

-1-

promised that it would not arrange for any of JGR's competitors to sell Thomasville furniture in competition with JGR unless those competitors maintained a minimum square footage for display of Thomasville products, and that Thomasville had broken that promise by arranging for one of JGR's competitors to sell Thomasville furniture at a location across the street from JGR's store in Mentor, Ohio without holding that competitor to the minimum square footage requirement.

The jury found in favor of JGR and against Thomasville, awarding zero dollars for lost profits and $1.5 million for lost value of the business to JGR. Thomasville appealed the verdict. The Sixth Circuit affirmed the jury's verdict, save the amount awarded to JGR, because testimony from an accountant hired by JGR for trial was improperly admitted. The Sixth Circuit remanded for a trial on the amount of damages.

Thomasville then filed a number of motions in limine, seeking to limit the evidence to be presented at that trial on damages. The court referred those motions in limine to Magistrate Judge McHargh for disposition. Magistrate Judge McHargh granted the two motions in limine at issue here, excluding all evidence concerning Thomasville's alleged "wrongful acts" prior to the 1992 breach of contract and excluding the testimony and report of JGR's damages expert, Robert Greenwald. JGR has appealed the orders granting those two motions in limine.

**II. Discussion**

*A. Appeal of the Motions in Limine*

*1. Standard of Review*

The court will reverse Magistrate Judge McHargh's rulings on the two motions in limine only if they are "clearly erroneous or contrary to law" because they are rulings on non-dispositive motions. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); N.D. Ohio. Civ. R. 72.3(a). Under the

"clearly erroneous" standard, "[a] finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985) (citation omitted). As for "contrary to law" review, the court will consider Magistrate Judge McHargh's rulings under the same standard the Sixth Circuit uses to review district court evidentiary rulings on questions of law. The Sixth Circuit reviews for "abuse of discretion," which is found when "a court 'improperly applies the law or uses an erroneous legal standard.'" *United States v. Taplin*, 954 F.2d 1256, 1258 (6th Cir. 1992) (quoting *Black Law Enf. Officers Ass'n. v. City of Akron*, 824 F.2d 475, 479 (6th Cir.1987) (quoting *Christian Schmidt Brewing Co. v. G. Heileman Brewing Co.*, 753 F.2d 1354, 1356 (6th Cir. 1985))).

In this case, Magistrate Judge McHargh chose the proper legal standard in the three prong test set by the Ohio Supreme Court in *Charles R. Combs Trucking, Inc. v. Int'l Harvester Co.*, in allowing lost profit damages if "profits were within the contemplation of the parties at the time the contract was made, the loss of profits is the probable result of the breach of contract, and the profits are not remote and speculative and may be shown with reasonable certainty." 466 N.E.2d 883, 887, 12 Ohio St.3d 241, 244 (1984). Put another way, the profits lost must have been foreseeable at the time of the contract's making, proximately caused by Thomasville's breach and able to be shown with reasonable certainty.

*2. Motion in Limine #1 - Pre-1992 Acts by Thomasville*

-3-

At the previous trial, the court permitted JGR to introduce testimony concerning acts by Thomasville that took place before the making of the 1992 agreement as "background testimony regarding the relationship between JGR and Thomasville Furniture prior to the 1992 agreement." *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 370 F.3d 519, 526 (6th Cir. 2004). JGR now seeks to introduce that same testimony in the re-trial of the damages issue.

JGR argues that it has the right and the need to explain to a completely new jury at least some of the background events leading up to Thomasville's breach of contract - specifically, the knowledge that Thomasville would arrange for one of JGR's competitors to sell Thomasville furniture demoralized and deflated JGR and its employees. In the order excluding this testimony [Docket No. 126], Magistrate Judge McHargh recognized "that this case will not be tried in a vacuum and that the jury may need to be made aware of some background to permit an informed decision as to damages resulting from the 1992 breach of contract." For that reason, and because the court admitted such testimony at the previous trial and was affirmed in that respect by the Sixth Circuit, the court must grant JGR's appeal, deny the motion in limine, and allow testimony concerning Thomasville's acts prior to the making of the 1992 agreement. In so ruling, the court notes that Magistrate Judge McHargh's ruling is "contrary to law" to the extent that it did not take into account the prior rulings in this case, both by this court and by the Sixth Circuit as the law of the case. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); N.D. Ohio. Civ. R. 72.3(a). Thus, JGR's appeal of the ruling on Thomasville's first motion in limine [Docket No. 110] is granted, and JGR may introduce testimony or evidence concerning Thomasville's pre-breach acts.

*3. Motion in Limine #3 - Greenwald Expert Report*

Thomasville also moved to exclude all testimony by JGR's damages expert Robert

Greenwald, on the basis that his projections did not meet the "reasonable certainty" requirement of Ohio law. Magistrate Judge McHargh granted that motion in its entirety, and JGR appealed. JGR argues that Greenwald's projections, including lost profits and opportunity costs from JGR's one actual store plus three projected other stores, should be allowed.

In support of that argument, JGR cites *Board of County Commissioners of Hamilton County, Ohio v. Flanco Realty Co.*, arguing that the Ohio Court of Appeals approved projected lost profits damages that included the benefits of improvements to a fast-food restaurant that were planned but never made. Nos. C-980781, C-980803, C-980822, 1999 WL 420156, at *6 (Ohio Ct. App. 1st Dist. June 25, 1999). However, that case involved what amounted to the remodeling of an existing location, not the opening of stores at new locations, and the court approved that evidence in part because those improvements could have been "readily implemented." *Id.* Such is not the case with JGR's proposed third and fourth stores. The third and fourth stores were never more than amorphous plans on the part of JGR, without even the lease negotiations JGR entered into regarding a possible second store at some location on the west side of Cleveland.

However, the portion of Mr. Greenwald's report that discusses JGR's projected lost profits for its first and second stores does rest on at least some minimal factual basis. For that reason, the court finds that those portions of Mr. Greenwald's report that discuss projected lost profits for JGR's existing store, as well as the planned second store, were sufficiently within contemplation of the parties at the time of the contract's formation and as such may be presented to the jury. *Charles R. Combs Trucking, Inc.*, 466 N.E.2d at 887, 12 Ohio St.3d at 244. The court finds that Magistrate Judge McHargh's ruling was "contrary to law" to the extent it excluded projections for the first and second stores. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); N.D. Ohio. Civ. R. 72.3(a). While the court is,

to a certain extent, to play "gatekeeper," the court may not substitute its own judgment for the jury's where the central issue is credibility, not admissibility. The court finds that Mr. Greenwald's projections just barely meet the minimal standard for admissibility under Ohio law in *Combs*, and therefore grants in part and denies in part JGR's appeal [Docket No. 113]. Mr. Greenwald's report and any testimony or evidence, to the extent they discuss projected lost profits from planned third or fourth stores, remain excluded. However, Mr. Greenwald's report along with other testimony and evidence, to the extent they discuss projected lost profits from JGR's existing store or the planned second store, are admissible.

   *B.* *Thomasville's Motions for Summary Judgment and Regarding Damages Causation*

   Thomasville has moved for summary judgment on the issue of damages, given Magistrate Judge McHargh's rulings excluding testimony about Thomasville's pre-breach "wrongful acts" and Mr. Greenwald's expert report [Docket No. 141]. Thomasville has also filed a motion seeking an order that damages causation remains an issue to be tried at the upcoming trial [Docket No. 130]. Given the court's rulings on the motions in limine, the court must deny Thomasville's motion for summary judgment. JGR still has evidence to present in support of its claim for damages, and summary judgment therefore would be inappropriate at this time. The court also denies Thomasville's motion regarding damages causation without prejudice. The court views this motion as untimely, as it concerns a matter more properly addressed through jury instructions.

**III.     Conclusion**

For the foregoing reasons, the court grants in part and denies in part JGR's appeal on the motions in limine [Docket No. 138], denies Thomasville's motion for summary judgment [Docket No. 141], and denies Thomasville's motion regarding damages causation [Docket No. 130] without prejudice. The court sets the trial for July 24, 2006 at 9:00 a.m. in Courtroom 17B.   Proposed jury instructions, voir dire, and witness lists are due one week prior to the trial date.

IT IS SO ORDERED.

   /s/Ann Aldrich  
ANN ALDRICH  
UNITED STATES DISTRICT JUDGE

**Dated: February 24, 2006**