UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JGR, INC., | ) | CASE NO. 1:96CV1780 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| THOMASVILLE FURNITURE | ) | **MEMORANDUM OPINION** |
| INDUSTRIES, INC., | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is defendant's motion for reconsideration or, in the alternative, to certify questions for interlocutory appeal. (Doc. No. 262.) Plaintiff has filed a brief in opposition (Doc. No. 263) and defendant has filed a reply (Doc. No. 264). For the reasons and in the manner discussed below, reconsideration is granted but an interlocutory appeal is denied.

### I. BACKGROUND

In a Memorandum Opinion and Order dated September 30, 2010, the Court denied defendant's motion for summary judgment (Doc. No. 256) ruling as follows: (1) causation for purposes of recovering damages has already been established by previous jury verdicts and the sole purpose of the upcoming trial is to establish the *amount* of damages, if any; (2) although the law of the case is that JGR has suffered zero lost profits, and although profitability is one component of the calculation of business value, JGR is not precluded from using other components (such as, inventory, accounts payable, business furniture, equipment,

fixtures, hardware, software, supplies, value of real estate, goodwill and other intangibles) to establish the value of its business at the time of defendant's breach; (3) that JGR will be allowed to recover "return on investment" damages, also called "lost opportunity costs," and that any such damages awarded will be set off against any prejudgment interest that the Court may award on any damages for loss of business value; and (4) that JGR will not be precluded from presenting to the jury the question of whether, but for Thomasville's breach, JGR would have stayed in business and, if so, would have been in good enough financial shape to be able to pay its Thomasville account so that it could have avoided being sued by Thomasville and having a judgment entered against it.

The instant motion seeks reconsideration or, in the alternative, certification of an interlocutory appeal, with respect to only the third and fourth rulings. Defendant phrases the questions for reconsideration as follows:

(1) Whether a plaintiff may recover damages for loss of return on investment above the rate of pre-judgment interest specified by Ohio Rev. Code §§ 1343.03 and 5703.47 without alleging that a specific, reasonably foreseeable opportunity was lost; and

(2) Whether a plaintiff may seek compensatory damages to cover interest accrued on an outstanding judgment obtained against it by a defendant.

## II. DISCUSSION

### A. Question 1 Relating to Damages for "Return on Investment" or "Lost Opportunity"

In its brief in support of its motion, Thomasville attacks plaintiff's expert's April 2009 analysis regarding this topic, in particular the expert's choices regarding calculation of the rate of return. It also asserts, once again, that this cannot be an element of plaintiff's damages for

breach of contract unless plaintiff can identify a "specific lost opportunity that was readily foreseeable to the parties at the time of the alleged breach." (Motion, Doc. No. 263, at 11.)

Unfortunately, neither Thomasville's motion nor JGR's opposition seem to capture what this Court intended to be the ruling in the September 30, 2010 Memorandum Opinion and Order with respect to summary judgment.

From the time it received this case from the docket of Judge Aldrich, the Court has struggled with the loose use of language throughout and the failure of the Court of Appeals to address certain matters in the course of the various appeals. This struggle to understand the earlier proceedings is suggested in the September 30th ruling at page 18, where the Court headed its discussion in section 3 as "Whether JGR Should be Allowed to Recover 'Return on Investment' Damages, *Also Referred to as 'Lost Opportunity Costs'.* " (emphasis added.) After determining that " 'return on investment' or 'opportunity cost damages' may still be considered by the jury, along with loss of business value[ ]" (Doc. No. 256, at 19), the Court went on to reject JGR's argument that "it should be allowed to have a jury consider whether part of its lost opportunity related to losses due to a proposed third and fourth store." (*Id.*)

The September 30th ruling, now looked at in retrospect, could have been clearer. What the Court intended to express with regard to the elements of damages that plaintiff would be allowed to prove was that (1) the "loss of business value" relates to the loss of the value of the existing first store, including all its tangible and intangible assets offset by its existing liabilities, as of the date of the breach, and (2) the "lost investment" or "lost opportunity" related only to the loss of a chance at a second store (but not a third or fourth). The notion of "lost investment" or "lost opportunity" had nothing to do with some speculative calculation of what JGR might have been able to earn if it took some speculative profits from its stores and invested them in some

speculative business ventures or other kinds of investments. Indeed, as Thomasville has consistently argued, that is the purpose of prejudgment interest -- to make a party whole for the lost use of money from the time a breach of contract claim accrues until judgment is entered.

That said, the Court will certainly not allow plaintiff's expert to testify as to speculative reinvestment of any of JGR's earnings into "business operations, debt reduction, investment in cash or securities, distributions to owners, and other possibilities." (Doc. No. 240-1 at 13.) All that plaintiff will be allowed to show, if it can, is what it likely lost in terms of dollars because it was not able to realize its anticipated second store. That and only that will constitute the lost "return on investment" or "opportunity costs."

In addition, interest, if any, is entirely a matter for the Court and, therefore, there is no need to have any discussion or determination at this juncture as to what rate will be used should an award of interest be found appropriate.

**B.      Question 2 Relating to Right to Recover Interest on a Judgment Debt**

Thomasville continues to challenge JGR's assertion that an element of its damages should be the accrued interest on the judgment which Thomasville has against JGR, an amount which JGR argues it would never have owed but for Thomasville's breach.

Thomasville frames all its arguments with respect to this issue in terms of interest on a *judgment* debt. However, this misses JGR's more nuanced argument.

JGR does not deny that, at the time it went out of business, it owed Thomasville over $500,000 for its furniture inventory. In other words, it had a liability, an account payable. Perhaps there would also have been some short term penalties, although the record seems to suggest that Thomasville routinely forgave such accrued penalties when accounts were paid in

full. There is a world of difference between owing an account payable and having that account payable turn into an actual judgment on which interest runs. JGR's argument is that, but for Thomasville's breach, it would have been profitable enough to keep current on its account payable to Thomasville and, in that circumstance, not only would it possibly not have gone out of business but it certainly would not have suffered a formal judgment against it in Thomasville's favor. Without a judgment, there would be no interest due. The Court is convinced that this is conceptually different from mere pre- and post-judgment interest. Therefore, it will allow JGR an opportunity to prove this as an element of its damages.

That said, the Court also suspects it will be very difficult for JGR to make its case on this point. Unfortunately, the breach of contract occurred after JGR was only open as a going concern for just a few months. Perhaps if it could prove, first, a track history of always being current on paying Thomasville for its inventory and, second, a dramatic change in its ability to pay after the breach, then it could make its case. The Court believes this will be difficult. However, that does not mean that JGR should not be given the opportunity.

### III. CONCLUSION

Defendant's motion for reconsideration (Doc. No. 262, Part 1) is **GRANTED** and its motion for certification of an interlocutory appeal (Doc. No. 262, Part 2) is **DENIED**.

Upon reconsideration, the Court clarifies that plaintiff will be given an opportunity at the scheduled jury trial to prove "loss of business value" relating to its first store which had to close and also to prove "lost return on investment" or "lost opportunity" relating to its planned second store. Plaintiff will also be given the opportunity to prove that, but for Thomasville's breach, it would have remained current on its account with Thomasville such that

there would not have been a balance on the account which could have matured to a judgment against it, eliminating its liability for interest on the judgment that Thomasville has against it.

Having resolved the motion, the Court now schedules this case for a trial on damages on a two-week standby basis beginning November 14, 2011. The Final Pretrial Conference will be conducted at 3:30 p.m. on Friday, November 4, 2011. A separate Trial Order will issue.

**IT IS SO ORDERED**.


Dated: September 21, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**